UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENNY ALPHONSE,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>ILLINOIS BELL TELEPHONE CO.,<br><br>　　　　　Defendant. | No. 15 CV 2692<br><br>Judge Manish S. Shah |

## ORDER

Defendant's motion to take notice of supplemental authority [16] is granted. Defendant's motion to dismiss [10] is granted in part. The statute of limitations on plaintiff's lunch-break claim has been tolled since August 11, 2011; plaintiff's lunch-break claim is dismissed to the extent it seeks relief for wage violations before August 11, 2008. The statute on the remainder of his claims has been tolled since February 28, 2014; those claims are dismissed to the extent they seek relief for wage violations before February 28, 2011.

## STATEMENT

Plaintiff Benny Alphonse alleges that he was not paid for work performed before his official shift began and for work performed during his lunch break, in violation of the Fair Labor Standards Act and the Illinois Minimum Wage Law. The statute of limitations on Alphonse's claims is at most three years, and defendant moves to dismiss the complaint to the extent it seeks relief for violations that occurred before the applicable limitations period.

Alphonse filed this case in 2015, but there is no dispute that the claims are tied to an FLSA action filed in February 2014 (*Adkins v. Illinois Bell Tel. Co.*, No. 14-CV-1456 (N.D. Ill.)), and are also related, at least in part, to an FLSA collective action that Alphonse joined in August 2011 (*Blakes v. Illinois Bell Tel. Co.*, No. 11-CV-0336 (N.D. Ill.)). Both sides also agree with the general proposition that a pending complaint tolls the statute of limitations for FLSA claims, and that the start date for a plaintiff's recovery (for willful violations) is three years before the plaintiff asserts his claims. The question is whether the statute of limitations on the full breadth of Alphonse's FLSA claim has been tolled since August 2011, or since February 2014.

Defendant says Alphonse's claims for unpaid pre-shift overtime were not part of the *Blakes* case and while *Blakes* involved unpaid work during lunch breaks, the claim there was limited to a specific type of work during lunch—security at manhole maintenance jobs and traveling between job sites. To the extent Alphonse's claims here involve more unpaid work than alleged in *Blakes*, defendant says the statute of limitations was not tolled by Alphonse's participation in *Blakes*. Alphonse says defendant was sufficiently on notice of the scope of all his claims since August 2011, and the statute of limitations has been tolled since then.

The parties in this case don't dispute that a clock stopped running on August 11, 2011. The question is, what was the clock for? (That is, what was the scope of the claims asserted in *Blakes*?) I agree with defendant, at least in part, for the reasons explained by Judge Chang in *Wiggins v. Illinois Bell Tel. Co.*, No. 15 C 02769, 2015 WL 6408122 (N.D. Ill. Oct. 22, 2015). In *Wiggins*, the court asked whether, under tolling principles that govern in class-action suits, the new complaint alleged claims based on the same factual or legal nexus as the claims in *Blakes*. I also agree, in part, with the approach taken by Judge St. Eve in *Ballard v. Illinois Bell Tel. Co.*, No. 15 C 2687, 2015 WL 6407574 (N.D. Ill. Oct. 21, 2015), and *Hodges v. Illinois Bell Tel. Co.*, 15 C 2711, 2015 WL 6407757 (N.D. Ill. Oct. 21, 2015). In *Ballard* and *Hodges*, the court considered whether the new complaint related back to the *Blakes* complaint because both alleged the same conduct, transaction, or occurrence. Whether viewed through the lens of Rule 15 relation-back doctrine or through the tolling principles governing Rule 23 actions, the inquiry is functionally the same: Was defendant sufficiently on notice of plaintiff's claim?

When Alphonse joined the *Blakes* case, he put defendant on notice that it had violated the FLSA by not paying him for work during his lunch break. The type of work alleged in *Blakes* is slightly different than the work alleged in this case, but the fact that Alphonse rendered service through his lunch break is what matters.[1]

Alphonse's pre-shift claims were not part of *Blakes* and defendant was not on notice about them until *Adkins* was filed. I do not agree that unpaid pre-shift work amounts to the same conduct, transaction, or occurrence as in *Blakes* (nor does unpaid pre-shift work have the same factual and legal nexus as the *Blakes* claim). In *Blakes*, when considering a post-decertification request to amend the pleadings to add allegations about pre-shift work, Magistrate Judge Kim did not decide whether such new claims would relate back. His approach does suggest, however, that

---

[1] Defendant's motion to take notice of Judge Durkin's recent decision also adopting Judge Chang's reasoning is granted. To the extent Judge Durkin parsed the lunch-break claims by tasks performed, I do not share his analysis. Instead, I agree with Judge Chang that the entirety of a lunch-break claim was sufficiently encompassed by the *Blakes* opt-in. The claims share the same factual and legal nexus.

2

plaintiffs could and should have put the defendant on notice about other FLSA violations earlier, but did not. In my view, the lunch-break work and the pre-shift work are sufficiently distinct. Defendant was on notice about the former, but not the latter.

The statute of limitations is an affirmative defense that ordinarily should not be resolved on a motion to dismiss, but here it is amenable to resolution by reference to the complaint and the pleadings in *Blakes* and *Adkins*. The motion is granted in part. The statute of limitations on Alphonse's lunch-break claim has been tolled since August 11, 2011; the lunch-break claim is dismissed to the extent it seeks relief for wage violations before August 11, 2008. The statute on the remainder of his claims has been tolled since February 28, 2014; those claims are dismissed to the extent they seek relief for wage violations before February 28, 2011.[2]

ENTER:

Manish S. Shah
Date: 11/17/15             United States District Judge

---

[2] *Blakes* and *Adkins* did not allege violations of the IMWL. I conclude that Rule 15(c)(1)(B) relation back or tolling would apply to Alphonse's IMWL claims to the same extent as either relation back or tolling would apply to the FLSA claims (that is, the lunch-break claim can reach back to August 2008, and the rest only to February 2011). Alphonse opted in, and later filed an individual claim under the FLSA. He was not required to plead a legal theory, and given the substantial overlap between the IMWL and the FLSA, defendant would not be prejudiced by treating the claims as the same for purposes of the present motion.

3